# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| DINO L. HARDING, | ) |
| Petitioner, | ) |
| v. | ) CV419-020 |
| CLINTON PERRY, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

In 2009 a Chatham County, Georgia jury convicted petitioner Dino Harding of, *inter alia*, armed robbery and false imprisonment. Doc. 1 at 1; *see also Allen v. Harding*, No. CR08-2946 (Chatham Super. Ct.) (sentence imposed and case disposed of July 17, 2009); *Harding v. State*, 311 Ga. App. 724 (2011) (affirming conviction); *Harding v. State*, No. A11A0918 (Ga. App. Oct. 6, 2011) (remittur issued). His application for state habeas relief has been denied, as has his petition for certiorari *See* doc. 1 at 4 (listing Macon Superior Court case 2015-CV-152, filed August 2015 and denied March 2017) & 6 (listing Georgia Supreme Court case S171430, denying certiorari on May 21, 2018). He now petitions this Court for 28 U.S.C. § 2254 relief. *Id.* He also seeks leave to pursue his petition *in forma pauperis*. Doc. 2. Because he is

indigent, Harding's motion to proceed *in forma pauperis* is **GRANTED**. Preliminary review under Rule 4 of the Rules Governing Section 2254 Cases shows, however, that his petition must be dismissed.

Harding had to file for § 2254 relief within one year after the date his conviction became final. 28 U.S.C. § 2244(d)(1).[1] That clock is stopped only by the pendency of a properly filed state collateral review proceeding. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982-83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at * 1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play."). Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at * 1. Once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after expiration of the limitations period

---

[1] That section provides for other events which trigger the one-year limitations period, but none apply here. *See* 28 U.S.C. § 2244(d)(2)-(4).

cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at * 1 n. 3 (S.D. Ga. Feb. 8, 2013); *Dixon*, 2013 WL 2385197 at * 3; *Nesbitt*, 2014 WL 61236 at * 1.

The Georgia Court of Appeals affirmed Allen's conviction and sentence on September 20, 2011. Pursuant to that court's rules, he then had ten days to file a notice of intent to petition for a writ of certiorari. Ga. Ct. App. R. 38(a)(1). He did nothing, and remittur was issued on October 6, 2011, making his conviction final as of that date. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012); 28 U.S.C. § 2244(d)(1)(A).

Harding then had one year — until October 6, 2012 — to either file a § 2254 petition or toll the limitations period by seeking state collateral relief. 28 U.S.C. § 2244(d)(2); *Rich*, 512 F. App'x at 982-83. Petitioner has filed many motions in the state trial court, including motions to reduce his sentence and motions to dismiss the charges against him. *See Harding*, CR08-2946 (motion to reduce sentence filed October 25, 2011 and denied March 2013). Even conceding, *arguendo*, that his motion to reduce his sentence was a properly filed motion

seeking state collateral relief,[2] it only tolled the statutory deadline until it was denied on March 21, 2013. That left 346 days on the one-year clock, which expired on March 3, 2014.[3] He did not seek state habeas relief until August 19, 2015 — more than two years later and too late to toll the deadline in this Court. Put differently, his state habeas petition had no tolling effect, since no time remained on his § 2254 clock. *Webster*, 199 F.3d at 1259; *see also Alexander v. Sec'y, Dep't of Corr.*, 523 F.3d 1291, 1294 (11th Cir. 2008) (a state court motion for post-conviction relief cannot toll the federal limitations period if that period has already expired), *abrogated on other grounds by Wall*, 562 U.S.

---

[2]  Not every post-conviction filing constitutes a "collateral review" motion. Only those state motions seeking "a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process" must be considered motions for "collateral relief" within the meaning of the tolling statue. *Wall v. Kholi*, 562 U.S. 545, 553 (2011); *id.* at 550-52 (some states' motions to reduce sentence provide a vehicle for challenging the validity of the sentence equivalent to a Fed. R. Crim. P. 35 motion, rather than merely offering state courts with the discretionary authority to mitigate a sentence). It is unclear whether Harding's 2011 motion to reduce his sentence counts, as it's not in the record and he doesn't explain what statute he moved under or arguments he made to the trial court. *See Robertson v. Brown*, 2014 WL 496283 at * 3-5 (S.D. Ga. Feb. 6, 2014) (an O.C.G.A. § 17-10-6 motion to reduce sentence is *not* a motion for collateral relief within *Wall*'s meaning and thus does not toll the limitations period, because Georgia law provides for various, "separate avenues . . . for challenging the legality of a sentence . . . on motion to the trial court and on to direct appeal."). Even if it counts, however, he is still out of time. The Court assumes for argument's sake alone that it was a *Wall*-qualifying motion for collateral relief.

[3]  Thirty days later would have been a Sunday, March 2nd. Harding's deadline to appeal would thus have expired on the first business day thereafter, Monday the 3rd.

545.[4]

Despite that, his untimely petition "may still be timely if the petitioner is entitled to equitable tolling." *Aureoles v. Sec'y, D.O.C.*, 609 F. App'x 623, 624 (11th Cir. 2015) (*citing Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015)). "A petitioner is entitled to equitable tolling if he can demonstrate that: (1) he has pursued his rights diligently; and (2) an extraordinary circumstance prevented him from filing a timely petition." *Id.*; *Holland v. Florida*, 560 U.S. 631, 649 (2010). Harding, however, presents nothing to indicate an extraordinary circumstance stood in the way of timely filing. There is no indication in his petition that he diligently pursued his rights or that some "extraordinary circumstance" prevented him from timely filing a petition in this Court. *See Holland*, 560 U.S. at 649; *Aureoles*, 609 Fed. App'x at 624. *See also* No. CV414-169 at docs. 9, 12 & 13 (dismissing apparently untimely

---

[4]  As this Court has explained before, "[m]any simply do not know that the federal clock is ticking in the background when they pause between state-review filings. [Petitioner] is one of them. . . . [He] waited, as Georgia law permitted, nearly four years to file his state habeas petition. He did not realize that during those four years the one-year, federal clock was running. Hence, even though he timely completed his state habeas petition process, it was too late to file his federal habeas petition because more than one year elapsed between his conviction and the date he filed his state habeas petition." *Clarkson v. Williams*, 2011 WL 6328367 at * 1 (S.D. Ga. Nov. 14, 2011).

§ 2254 motion for failure to prosecute).

Accordingly, Dino Harding's § 2254 petition is untimely and should be **DISMISSED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district

judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this  24th  day of January, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA