# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

DINO L. HARDING,

    Petitioner,

v.

CLINTON PERRY, WARDEN,

    Respondent.

CIVIL ACTION NO.: 4:19-cv-020

## O R D E R

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's December 20, 2018 Report and Recommendation, (doc. 4), to which Plaintiff has filed Objections (doc. 10). Accordingly, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Report and Recommendation as the opinion of the Court. The Court **DISMISSES** Petitioner's 28 U.S.C. § 2254 Petition for Habeas Corpus, (doc. 1), **DENIES** Petitioner a Certificate of Appealability, and **DENIES** Petitioner *in forma pauperis* status on appeal. The Court **DIRECTS** the Clerk of Court to **CLOSE** this case.

In his Objections, Plaintiff concedes that his petition is untimely filed but argues that his state counsel was ineffective for failing to apprise him that his federal habeas petition deadline was running. (Doc. 10 at 1.) Under *Holland v. Florida*, 560 U.S. 631 (2010), a petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (quotes omitted). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id*. at 653 (quotes and cite omitted). As for

extraordinary circumstances, it is petitioner's burden to prove them; "[m]ere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011) (cite omitted). He also must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *Id*. at 1267. This Court thus must consider: (1) the weight that should be accorded to the lawyers' (lack of) advice in determining whether petitioner meets the extraordinary circumstances prong; and (2) Harding's own diligence.

As for his lawyers, only "serious attorney misconduct, including acts of gross negligence and acts of outright willful deceit, can constitute 'extraordinary circumstances' which would justify equitable tolling of a movant's § 2254 motion. *Smith v. United States*, 420 F. App'x 944 (11th Cir. 2011) (quotes and alterations omitted); *see also Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005) (rejecting petitioner's argument that the state impeded his timely filing of his § 2254 petition by providing him an incompetent attorney through the Florida counsel registry system), *aff'd*, 549 U.S. 327 (2007); *Webster v. Sec'y for Dep't of Corrs.*, 384 F. App'x 979, 983 (11th Cir. 2010) (same result based on attorney's failure to inform petitioner of the decision on his direct appeal and his "abandonment" of petitioner). Here, Plaintiff only contends that counsel failed to warn him about the one-year rule. That deficiency falls far short of the type of attorney misconduct that warrants tolling. *Clarkson v. Williams*, 2011 WL 6328367 at * 1 (S.D. Ga. Nov. 14, 2011). Counsels' failure to warn him, then, is not enough here. *Chavez v. Sec'y Fla. Dep't of Corrs.*, 647 F.3d 1057, 1066-70 (11th Cir. 2011). Like everyone else, he must bear the sometimes fatal risk of simple malpractice. *See Coleman v. Thompson*, 501 U.S. 722, 752-57 (1991) (condemned prisoner pursuing state habeas relief waived right to federal review, and thus could be executed, after his state habeas counsel negligently missed, by *3 days*, deadline for

appealing denial of state habeas petition); *id.* at 754 (applying Rest. Agency 2D § 242 (1958) (the "master is subject to liability for harm caused by negligent conduct of servant within the scope of his employment")).

As for his own diligence, Plaintiff's good faith effort to file "before what he *believed* was the deadline (based on his attorney's erroneous advice)" is not an "extraordinary circumstance" that tolls the statute of limitations. *Helton v. Sec'y for Dep't of Corrs.*, 259 F.3d 1310, 1313 (11th Cir. 2001). Plaintiff was convicted July 17, 2009 (*see State v.* Harding, No. CR08-2946 (Chatham Super. Ct.)) and his conviction was affirmed in September 2011 (*Harding v. State*, 311 Ga. App. 724 (2011); *see also Harding v. State*, No. A11A0918 (Ga. App. Oct. 6, 2011) (remittur issued)). He did not file his petition until December 19, 2018 (*see* doc. 1 at 15) — more than seven years later. "Judicial systems," after all, "are operated by human beings who err. Defendants know this. They thus must make a reasonable inquiry, even if told they may rest easy and do nothing, where a large amount of time marches by and nothing happens in their cases." *Clarkson*, 2011 WL 6328369 at *3; *see also McGraw v. McCall*, 2010 WL 4825747 at * 9 (D.S.C. Aug.4, 2010) ("equity is not intended for those who sleep on their rights.") (cites omitted)).

"Just as time waits for no one, there are limits on how long our legal system will wait for anyone to bring a claim." *Chavez*, 647 F.3d at 1058. Dino Harding's § 2254 petition is time-barred.

**SO ORDERED**, this 1st day of March, 2019.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3